U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR - 1 2013

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELINE WILSON, whose death has been suggested, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:12-CV-684-A |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § § § | |
| Defendant. | § § | |

<u>MEMORANDUM OPINION</u>
<u>AND</u>
<u>ORDER</u>

Before the court for decision is the relief sought by the document filed on behalf of Caroline and Billy on March 15, 2013, titled "Corrected Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Supporting Brief."[1] After having considered such motion, Novartis's opposition thereto, the declaration of Osborn, and the supplemental authority filed by Novartis on March 28, 2013, the court has concluded that the relief sought by such motion should be denied.

---

[1] The court is using in this memorandum opinion and order the same abbreviated references for persons and documents that were used in the Memorandum Opinion and Order signed in the above-captioned action on February 15, 2013. The references in this order to the February 15, 2013 Memorandum Opinion and Order will be "MO&O at____."

I.

<u>Documents That Have Been Filed Since the February 15, 2013</u>
<u>Issuance of the MO&O and the Related Final Judgment</u>

The motion to alter or amend judgment, as corrected, bases its request for a reversal of the February 15, 2013 MO&O and final judgment on the contention that counsel for Novartis learned on May 26, 2010, during the taking of the oral depositions of Caroline and Billy, that as of that date Caroline and Billy had not been appointed personal representatives of Jacqueline's estate and that no steps had been taken to cause Jacqueline's will to be entered into probate.  Caroline and Billy noted in their motion the statements made by an attorney for Novartis during the December 19, 2012 telephone conference/hearing that until a December 14, 2012 filing by Caroline and Billy in this action, Novartis had understood that there was a will and that Caroline and Billy were properly in place to represent Jacqueline's estate.

There was no attempt in the motion to explain how the possibility that counsel for Novartis made a misrepresentation to the court had relevance to the decision of the court to issue the December 19, 2012 order that, <u>inter alia</u>, set aside <u>ab initio</u> the May 13, 2008 order substituting Caroline and Billy in place and in stead of Jacqueline as plaintiff in this action.  Nor is there

2

any explanation as to why the deposition testimony described in
the motion was not brought to the attention of the court before
this action was dismissed on February 15, 2013.

Novartis commenced its response by citing to principles that
were expressed by the Fifth Circuit in Templet v. HydroChem,
Inc., 367 F.2d 473, 479 (5th Cir. 2004) that "[r]econsideration
of a judgment after its entry is an extraordinary remedy that
should be used sparingly" and that a Rule 59(e) "motion is not
the proper vehicle for rehashing evidence, legal theories, or
arguments that could have been offered or raised before the entry
of judgment." As part of its argument on those points, Novartis
points out that the 2010 deposition testimony and the arguments
made in the motion were available to Caroline and Billy and their
counsel long before entry of the February 15, 2013 MO&O and final
judgment and could have been raised in any of the documents that
were filed on behalf of Caroline and Billy leading up to the
February 15, 2013 dismissal.

Next, Novartis's opposition made reference to testimony
given by Billy in his May 2010 oral deposition that Novartis says
led Novartis to believe that he had been appointed as personal
representative of his mother's estate. Novartis further noted
that the issue of whether it learned in 2010 that Caroline and
Billy made misrepresentations in order to obtain the substitution

3

on May 13, 2008, is a collateral matter that has no relevance to the court's decision to enter the December 19, 2012 order setting aside the May 13, 2008 substitution order.

Next came the filing on March 26, 2013, of a declaration by Osborn that shows to have been executed on March 25, 2013. Osborn uses the format of his declaration to make further argument that Novartis learned when the depositions were taken in May 2010 of the falsity of the representations that had been made in May 2008 in the motion for substitution. A significant part of the declaration was directed to an argument that there really was no misrepresentation in the May 2008 motion for substitution or in any of the filings made in this court by Osborn on behalf Caroline and Billy.

The final, and most recent, post-final judgment filing was made by Novartis on March 28, 2013, for the purpose of calling the court's attention to an order issued by the Middle District of Tennessee Multidistrict Aredia and Zometa Products Liability Litigation vacating an order of substitution in another case being handled by Osborn as attorney for the plaintiff for basically the same reasons this court had for vacating the May 13, 2008 order of Magistrate Judge Joe B. Brown substituting Caroline and Billy for Jacqueline. The order to which Novartis called the court's attention was entered March 27, 2013, by the

4

same Magistrate Judge Joe B. Brown who had issued the May 13,

2008 order of substitution in the instant action.  Not only did

Judge Brown's March 27, 2013 order set aside his earlier order of

substitution of parties in that case, his order informed the

parties that he was entering a report and recommendation that the

action in which the March 27, 2013 order was issued be dismissed

with prejudice for failure to comply with Rule 25(a) of the

Federal Rules of Civil Procedure and the case management order to

which this court referred on pages 3 and 4 of the MO&O.

                              II.

     <u>Reasons for Denial of the Motion to Alter or Amend Judgment</u>

A.   <u>The Failure of Caroline and Billy to Call the Court's
     Attention Earlier to the New Evidence</u>

     Not only does the motion to alter or amend not provide any

substantive basis for the relief it seeks, the motion did not

even attempt to justify the failure of Caroline and Billy to call

the court's attention to the new evidence before it entered the

February 15, 2013 final judgment.  The newly disclosed 2010

testimony and the related argument were directly pertinent to

contentions Caroline and Billy made in opposition to the rulings

that led to the February 15, 2013 final judgment.

     In the corrected motion to vacate that counsel for Caroline

and Billy filed January 24, 2013, the argument was made that

Novartis had waived any right it otherwise might have had to challenge the substitution of Caroline and Billy for Jacqueline, Corrected Mot. to Vacate filed Jan. 24, 2013 at 7-8, an argument to which the newly disclosed evidence would have been directly relevant.   Indeed, as part of the waiver argument in the January 24 filing, counsel for Caroline and Billy made specific reference to discovery conducted while this case was pending in Tennessee, but failed to mention the questions and answers upon which Caroline and Billy now rely for post-judgment relief.[2]

When counsel for Caroline and Billy filed on January 29, 2013, their response to Novartis's motion to dismiss, they again urged that "any challenge to capacity has been waived."  Resp. filed Jan. 29, 2013 at 2.  In a document counsel for Caroline and Billy filed February 5, 2013, in the form of a reply brief in support of their motion to vacate, they again devoted a significant part of their filing to their contention that Novartis had waived its right to challenge the substitution order or to seek dismissal pursuant to Rule 25.  In that reply,

---

[2]In the motion to vacate, counsel for Caroline and Billy made the following argument in the section of their motion in which they argued that Novartis had waived its right to complain of the May 13, 2008 substitution order of Magistrate Judge Brown:

> Moreover, the MDL Court subsequently allowed discovery from the Wilson Children. Yet, even after discovery, Defendant still did not challenge the ability of the Wilson Children to prosecute this suit in any form or fashion.

Corrected Mot. to Vacate at 7-8 (record reference omitted).

Caroline and Billy, through counsel, made the following

arguments:

> Regardless, any challenge to capacity, and thus to
> Rule 25, has been waived.  As noted above, the defect
> in the motion to substitute (if there was one) would
> have been a defective legal conclusion, which should
> have been apparent to Defendant at the time the motion
> was filed.  Yet Defendant waived the issue by failing
> to object to substitution, failing to seek
> reconsideration of the Substitution Order, and failing
> to file a supplemental answer.  Perhaps more
> importantly, Defendant actually filed an amended answer
> several months later, but again failed to challenge
> capacity at that time.  As such, even if a challenge to
> capacity had not been waived previously, it was
> expressly waived by the filing of the amended answer,
> long before transfer to this Court.

Reply Br. filed Feb. 5, 2013 at 7-8 (record references and
citation omitted).

The failure of Caroline and Billy to bring the court's

attention to the newly disclosed evidence before the court

dismissed this action on February 15, 2013, is inexcusable

considering the waiver arguments that were made on behalf of

Caroline and Billy in the filings they made before the final

judgment was entered.  That is one reason why the court has

concluded that the motion to alter or amend judgment should be

denied.  Other reasons for the denial are discussed below.

B.   **The New Evidence and Arguments Presented by the Motion to Alter or Amend are Not Relevant to the Court's Rulings and Final Judgment of February 15, 2013**

The fact that counsel for Novartis might have misled the court as to when Novartis first had knowledge that the representations made on behalf of Caroline and Billy that led to entry of the May 13, 2008 substitution order were false has no relevance to the reason why this court set the substitution order aside. The court set the order aside because the gaining of entry of the order by false representations "constituted an abusive litigation practice for which the court had the inherent authority to correct in order to maintain the dignity of the court." MO&O at 15-16. The setting aside of the substitution order, as well as other items filed in this action by Caroline and Billy based on the substitution order, "cleansed the record of items the validity of which had been destroyed by the fraudulent nature of the motion for substitution." Id. at 16. The point in time when Novartis learned that misrepresentations were used to obtain the substitution order did not enter into the court's decision to set the order aside. Consequently, even if the court were to give consideration at this time to the 2010 deposition testimony, there would be no change in the February 15, 2013 rulings and final judgment of the court.

8

C.    <u>The Arguments Osborn Made in His Declaration
      are Not Persuasive</u>

In paragraph 9, on page 3, of Osborn's declaration, he made the rather bizarre assertion that the May 7, 2008 motion for substitution "did not identify Billy Bob and Caroline Jean as the personal representatives of their mother's estate," thus causing the web to become even more tangled.  Osborn ignored in his declaration the language in the suggestion of death he and another of Jacqueline's counsel filed on February 1, 2008, that advised the MDL court that "Caroline Jean Wilson and Billy Bob Wilson, <u>the personal representatives of Jacqueline Wilson's estate</u>, will be substituted in this action so that Jacqueline Wilson's claims survive . . . ."  Case No. 3:06-MD-1760, Doc. 1142 (emphasis added).  And he ignored the language of the May 7, 2008 motion for substitution that he and another attorney filed for Caroline and Billy in which the representations were made that "[u]nder Texas law, <u>the claim of Jacqueline Wilson survives to her personal representative(s)</u>" and that "the Court should enter an order substituting Caroline Jean Wilson and Billy Bob Wilson <u>as the personal representatives of the estate of Jacqueline Wilson</u>, deceased, in place and in stead of Jacqueline Wilson."  <u>Id.</u>, Doc. 1341 (emphasis added).

Osborn goes on by his affidavit to suggest that all Jacqueline's counsel meant to say by the motion to substitute was that Caroline and Billy had been named as executors of their mother's estate, not that they were qualified as personal representatives of the estate.   Osborn Decl. at 3, ¶¶ 9 & 10. Osborn is trying to convince the court now that all that needed to be provided in order to establish that Caroline and Billy were entitled to be substituted for Jacqueline was an explanation that Jacqueline had left a will that designated Caroline and Billy as the persons to be appointed as the executors of her estate. Obviously, Osborn is not being any more candid with this court in his recently filed declaration than he and his co-counsel were with the MDL court when the motion for substitution was filed on May 7, 2008.   If the attorneys honestly believed that the existence of Jacqueline's will, without more, established the right of Caroline and Billy to be substituted for Jacqueline, all they had to do to convey that message was to say so in the motion to substitute.

Not only that, if Osborn really believed that the existence of the will, without more, provided proof that Caroline and Billy are authorized to prosecute this action on behalf of Jacqueline's estate, all they would have been required to do, and presumably

what they would have done, in response to the October 22, 2012
order directing them to provide proof, through appropriate
attachments as required, that Caroline and Billy are authorized
to prosecute this action for Jacqueline's estate, was to file a
responsive document by the November 5, 2012 deadline explaining
that the proof was provided by the contents of Jacqueline's will
and by attaching a copy of the will to that explanatory document.
In other words, Osborn, on behalf of Caroline and Billy, would
have responded to the October 22, 2012 order with the
explanations he is now providing in paragraphs 8-18, on pages 3-
4, of his March 25, 2013 declaration.

Osborn goes on in his declaration with the totally
inconsistent explanation as to why he kept asking for additional
time within which to obtain a probate court order that might be
used in support of an argument that Caroline and Billy had become
personal representatives of Jacqueline's estate.  Osborn Decl. at
4, ¶¶ 13-19.  Quite obviously, if Osborn believed when he started
filing the motions for additional time within which to provide
the court proof that Caroline and Billy were personal
representatives of Jacqueline's estate, he would have promptly
responded with the explanations he is now providing in paragraphs
8-18, on pages 3-4, of his March 25, 2013 declaration.  And, if
he thought the designation by Jacqueline in her will of Caroline

11

and Billy to serve as independent executors of her estate was all
that was required, Osborn should, and presumably would, have
promptly provided as his response to the court's order asking for
proof of the capacity of Caroline and Billy to represent
Jacqueline's estate a copy of Jacqueline's will, which was in
Billy's possession, along with an appropriate explanation.  The
obvious reason why he did not do those things is because he knew
that representations were made in the motion to substitute that
Caroline and Billy were the personal representatives of
Jacqueline's estate, and were to be substituted in that capacity,
and that those misrepresentations were false.  And, Osborn's
delays in responding to the court's order requiring a show of
proof of capacity to be substituted for Jacqueline in this action
undoubtedly were to give Osborn time to obtain a probate court
order that he hoped would paper over the false representations
made on behalf of Caroline and Billy when the substitution order
was sought in May 2008.

Even if the court were to give consideration at this late
date to the belatedly proffered explanations given by Osborn in
his declaration, the court would not be persuaded that the court
erred in vacating the May 2008 order of substitution.

D.   <u>Conclusion</u>

For each of the reasons given above, the court is denying the relief sought by the motion to alter or amend judgment pursuant to Rule 59(e).  Caroline and Billy have shown no reason why the court should consider evidence presented to the court for the first time a month after the final judgment of dismissal was entered.  The 2010 deposition testimony was known and readily available to Caroline and Billy and their counsel when they were filing instruments in opposition to dismissal of this action.  If they thought the deposition testimony was relevant, they could, and should, have called it to the court's attention before the judgment of dismissal was entered.  It is now too late for evidence of that kind to be considered by the court.  The same is true of the explanations given by Osborn in his March 25, 2013 declaration, the credibility of which is subject to question.  Even if the explanations had been credible, they came too late.  Finally, even if the newly presented evidence had been called to the court's attention before the February 15, 2013 final judgment of dismissal, the opinions and findings of the court that led to the dismissal would not have changed.

The court has not been persuaded that there was any manifest error of law or mistake of fact that led to the entry of the February 15, 2013 MO&O and final judgment dismissing this action.

13

None of the rulings made in the MO&O and final judgment were manifestly unjust in law or fact.  Consequently, there is no reason to grant the extraordinary relief associated with the granting of a Rule 59(e) motion.

III.

Order

Therefore,

The court ORDERS that such motion to alter or amend judgment pursuant to Rule 59(e), and all relief sought thereby, be, and are hereby, denied.

SIGNED April 1, 2013.

JOHN McBRYDE
United States District Judge